PUIG v. RODRIGUEZ. (No. 6339.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1920.)

1. TRIAL ⟝232(5)—DEFINITION OF "REASONABLE DILIGENCE" IN SUING HELD NOT ERRONEOUS IN RESPECT TO PROFESSIONAL SKILL INVOLVED.

In action on notes, wherein limitations was pleaded, the court's definition of "reasonable diligence" in relation to institution and prosecution of suit was not improper, on ground the term, when applied to such institution and prosecution, means and requires a higher degree of care than that which would be exercised by an ordinarily prudent person under the same or similar circumstances; issuance of citation by a certain date requiring no professional skill on the part of the attorney.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Diligence.]

2. TRIAL ⟝352(4) — SPECIAL ISSUE SUBMITTING DILIGENCE IN PROSECUTING SUIT OBJECTIONABLE IN VIEW OF THE EVIDENCE.

In an action on notes wherein limitations was pleaded, in the absence of evidence that plaintiff undertook in person to have citation issued, he having done what an ordinarily prudent person would have done who wished to bring suit, that is, simply employed an attorney, special issue permitting the jury to find that reasonable diligence was used if plaintiff in person used such diligence to have citation and prosecution issued and served was erroneous.

3. TRIAL ⟝352(1)—ISSUE SUBMITTING DILIGENCE ON PLAINTIFF'S PART IN INSTITUTING SUIT HELD OBJECTIONABLE.

In an action on notes wherein limitations was pleaded, special issue, submitting matter of reasonable diligence on plaintiff's part in having citation or process issued and served, thus instituting suit, held objectionable, as so worded that if the jury found that plaintiff in person used reasonable diligence, or that her attorney used such diligence, etc., they must find in the affirmative, which answer would establish that defendant's plea of limitations was without merit.

4. LIMITATION OF ACTIONS ⟝119(1) — DILIGENCE IN ISSUING CITATION HELD NOT SHOWN BY MERE EMPLOYMENT OF ATTORNEY.

When suit is instituted by an attorney, plaintiff cannot show reasonable diligence to have citation issued, and so to institute suit by simply showing that she employed an attorney to bring the suit and depended upon him to prosecute.

5. LIMITATION OF ACTIONS ⟝195(3)—BURDEN OF PROOF ON ISSUE OF LIMITATIONS HELD TO REMAIN WITH DEFENDANT.

In an action on notes wherein defendant pleaded limitations, the burden of proof as to such issue was on him under the pleadings, remaining with him throughout the case, though the burden of introducing evidence might be shifted to plaintiff by defendant's introducing evidence of such character as to entitle him to a peremptory instruction if plaintiff did not rebut it or show matter in avoidance.

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Suit by Maria Vaello Rodriguez against Francisco Vaello Puig. From judgment for plaintiff, defendant appeals. Reversed, and cause remanded.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, S. T. Phelps, of Laredo, and Harbert Davenport and Jas. B. Wells, both of Brownsville, for appellant.

W. R. Perkins, of Alice, and J. C. Scott, of Corpus Christi, for appellee.

MOURSUND, J. Appellee sued appellant for $7,002.70, alleged to be due upon six promissory notes executed and delivered by appellant to appellee. The plaintiff's petition was filed on December 22, 1917, in the district court of Duval county. The venue was changed to Jim Wells county.

The answer consisted of a general denial, a plea of want of consideration, and a plea that the first five notes were barred by the statute of limitations of four years. In this connection it was alleged that said five notes matured on or before January 15, 1914, and that, although the petition was filed on December 22, 1917, the citation was not issued until April 16, 1918, long after said notes were barred by limitation, and that plaintiff's counsel failed to procure the issuance and service of citation until long after said notes were barred.

The jury, in answer to special issues, found that the notes were given for a valuable consideration; that when plaintiff filed the suit she had a bona fide intention to prosecute the same, and in person, or through her attorneys or agents, used reasonable diligence to have citation or process issued and served on or prior to January 15, 1918.

Judgment was rendered for plaintiff for $5,148.71 upon the three notes last falling due; the other three being barred by limitation.

The contentions made upon this appeal relate wholly to the defense of limitation and involve plaintiff's right to recover upon two notes which matured January 18, 1914.

[1] Complaint is made concerning the sufficiency of the evidence to support the finding concerning diligence, and of the charge of the court with respect to the submission of the issue. The definition of reasonable diligence was objected to, not on the ground that it varies slightly from the approved definition, but on the ground that the term, when applied to the institution and prosecution of a suit, means and requires a higher degree of care than that which would be exercised by an ordinarily prudent person under the same or similar circumstances. The objection was too general to be of assistance to the court, and we feel that we would not be warranted in sustaining the assignment of error. It requires no professional skill on the part of the attorney to have citation issued by a certain date. The acts of diligence could be performed by any one, and we are unable to see in what respect the ordinary definition of reasonable diligence could be erroneous.

[2-4] The special issue submitted to the jury is subject to the objections: First, that it permits the jury to find that reasonable diligence was used if the plaintiff, in person, used reasonable diligence to have citation or process issued and served. There was no evidence that plaintiff undertook, in person, to have citation issued, and as she did what an ordinarily prudent person would have done who wished to bring a suit, simply employed an attorney, the jury would naturally conclude that they could not find a want of diligence on her part. This brings us to the further objection, also well taken, that the issue was so worded that if the jury found that plaintiff, in person, used reasonable diligence, or if they found that the attorney used such diligence, or that Wright Bros. used such diligence, they would be required to answer "Yes," and that answer would establish that defendant's plea of limitation was without merit. There can be no doubt that when the suit is instituted by an attorney plaintiff cannot show reasonable diligence to have citation issued by simply showing that she employed an attorney to bring the suit, and depended upon him to prosecute the suit so as to protect her interests.

[5] The criticism with respect to the burden of proof is without merit. The burden being on defendant, under the pleadings, it remained throughout the case so far as the charge is concerned, although the burden of introducing evidence may be shifted to plaintiff by the defendant introducing evidence of such character as to entitle him to a peremptory instruction if plaintiff does not rebut the same, or show matters in avoidance thereof.

We hold that the evidence does not support a finding of reasonable diligence to procure the issuance and service of citation, but as the judgment must be reversed on account of errors in the charge, and it is evident that further very material evidence is available, it would serve no useful purpose to discuss the evidence.

The judgment is reversed, and the cause remanded.